UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THOMAS M. MERSHON, ) | |
| ) | |
| PLAINTIFF ) | |
| V. ) | CIVIL ACTION NO. _____ |
| ) | |
| COCA-COLA BOTTLING ) | |
| COMPANY UNITED, INC., ) | |
| ) | |
| DEFENDANT ) | |

## COMPLAINT

COMES NOW Thomas M. Mershon who files this Complaint against the defendant Coca-Cola Bottling Company United, Inc., and in support of his Complaint hereby shows as follows:

1.  Plaintiff alleges that, pursuant to the Federal Fair Labor Standards Act, as amended, 29 U.S.C.A. § 201, *et seq.* ("FLSA"), he is entitled to recover from the defendant: (1) unpaid minimum wage and unpaid overtime compensation; (2) liquidated damages; (3) pre-judgment and post-judgment interest; and (4) attorney fees and costs of litigation.

2.  Plaintiff is a resident of 3887 Villa Lane, Martinez, Richmond County, Georgia.

3. Defendant Coca-Cola Bottling Company United, Inc. ("Coca-Cola") is a business entity organized and operating under the laws of the State of Alabama with facilities located in multiple states, including the State of Georgia.

4. Defendant's primary place of business in the Augusta area is located at 1901 North Leg Road, Augusta, Georgia 30909.

5. This honorable Court has jurisdiction over this controversy pursuant to 29 U.S.C.A. § 216(b) and 28 U.S.C.A. §§ 1331, 1337, and 1343.

6. Venue is proper in the U.S. District Court for the Southern District of Georgia pursuant to 28 U.S.C.A. § 1391 because conduct which provides the basis of plaintiff's Complaint took place in this judicial district.

7. Plaintiff is currently employed by the defendant, and he has been employed by the defendant since 2010.

8. At all relevant times, defendant was, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA. Furthermore, plaintiff is a covered individual within the meaning of the FLSA.

9. At all relevant times, defendant employed plaintiff within the meaning of the FLSA.

10. On information and belief, at all relevant times, defendant has had gross revenues in excess of $500,000.00 per year.

11. At all relevant times, the defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all relevant times, the work performed by the plaintiff was directly essential to the business operated by the defendant.

13. At all relevant times, defendant knowingly and willfully failed to pay plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA.

14. Throughout plaintiff's employment with defendant, he has routinely worked over forty (40) hours per week. On certain occasions, plaintiff has worked over eighty (80) hours per week.

15. Although plaintiff has consistently worked more than forty (40) hours per week, defendant has not paid overtime wages. Rather, plaintiff was paid a flat rate of $599.74 per week in 2012, increased to $611.98 per week in 2013, and further increased to $624.47 per week in 2014.

16. Plaintiff received the same rate of pay, regardless of the number of overtime hours he worked.

17. Defendant, on certain occasions, failed to pay plaintiff minimum wage compensation for the hours he worked.

18. Defendant forced plaintiff to remain "on call" during non-working hours, and defendant improperly failed to compensate plaintiff for his "on call" hours.

19. Defendant knowingly and willfully operated its business with a policy of not paying appropriate overtime compensation, and in certain instances, minimum wage compensation, to the plaintiff and possibly other similarly situated employees.

20. Defendant knowingly and willfully operated its business with a policy of not paying appropriate minimum wage and overtime compensation in direct violation of the FLSA and the supporting federal regulations.

21. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when defendant knew or should have known such was due, and that non-payment of these wages would financially injure the plaintiff.

22. Defendant failed to properly disclose or apprise plaintiff of his rights under the FLSA.

23. At all relevant times, on information and belief, and during the course of plaintiff's employment, defendant has failed to maintain accurate and sufficient time records of the hours worked by the plaintiff.

24. As a direct and proximate result of defendant's actions, plaintiff is entitled to recover on award of appropriate overtime compensation from defendant in the amount of $29,794.44 for 1,893.14 hours of unpaid overtime.

25. As a direct and proximate result of defendant's actions, plaintiff is entitled to recover an award of appropriate minimum wage compensation.

26. As a direct and proximate result of defendant's willful disregard of the FLSA, plaintiff is entitled to liquidated damages pursuant to the FLSA in an amount equal to plaintiff's unpaid overtime in the amount of $29,794.44.

27. Plaintiff is entitled to an award of his reasonable attorney fees, costs, and expenses.

THEREFORE, plaintiff respectfully requests that this honorable Court grant the following relief:

(a) declaratory judgment that the practices complained of are unlawful under the FLSA;

(b) an injunction against the defendant, and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

(c) an award of unpaid minimum wages due under the FLSA;

(d) an award of unpaid overtime wages due under the FLSA;

(e)     an award of liquidated damages as a result of the defendant's knowing and willful failure to pay minimum wages and overtime compensation during the past three years of plaintiff's employment with defendant pursuant to the FLSA;

(f)     an award of pre-judgment and post-judgment interest;

(g)     an award of costs and expenses associated with this action, together with reasonable attorney fees; and

(h)     such other and further relief as this honorable Court determines to be just and proper.

Pursuant to Fed.R.Civ.P. 38(b), plaintiff demands a trial by jury on all issues.

Respectfully submitted, this 19th day of May, 2014.

COUNSEL FOR PLAINTIFF:
s/Troy A. Lanier
State Bar No. 437775
Troy A. Lanier, P.C.
Post Office Box 2426
Augusta, GA  30903
706/823-6800
tlanier@tlanierlaw.com

s/J. Brian King
State Bar No. 420948
Donsbach & King, LLC
Post Office Box 212139
Martinez, GA 30917-2139
706/650-8750
bking@donsbachking.com

## CONSENT

I hereby consent to be a party plaintiff in the foregoing action pursuant to 29 U.S.C. § 201, *et seq.*

*/s/ Tom Mershon*
THOMAS M. MERSHON