## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and between Thomas Mershon ("Mershon") and Coca-Cola Bottling Company United (the "Company").

WHEREAS, Mershon is a current employee of the Company who claims that he was not paid certain minimum wages and overtime pay to which he was entitled under the Fair Labor Standards Act ("FLSA");

WHEREAS, Mershon filed a lawsuit in the United States District Court for the Southern District of Georgia styled as Thomas Mershon v. Coca-Cola Bottling Company United, Civil Action No. 1-14-CV-00118-JRH-BKE (the "District Court Action") alleging violations of the FLSA and seeking the recovery of back pay and liquidated damages;

WHEREAS, Mershon has retained legal counsel, Troy Lanier and Brian King, to represent him in the District Court Action;

WHEREAS, the Company denies Mershon's claims and maintains that it has acted lawfully with respect to his compensation; and

WHEREAS, Mershon and the Company desire to reach a full and final settlement with prejudice of the bona fide dispute that exists between them without either party incurring additional cost or expense.

NOW, THEREFORE, after consultation with their respective attorneys and intending to be legally bound, the parties agree as follows:

1. Mershon acknowledges and agrees that this Agreement completely and finally resolves any and all disputes that Mershon might possibly have with the Company, which arose at any time prior to the effective date of this Agreement. Mershon agrees that, in consideration for the payments made to him and his counsel under the terms of this Agreement, he will dismiss, with prejudice, all of his claims in the District Court Action and take all steps necessary to secure the District Court's approval of the parties' settlement, including but not limited to the filing of a joint motion for court-approval.

2. Subject to Mershon's full execution of this Agreement and compliance with its terms and conditions, and the approval of the parties' settlement by the District Court, and in consideration for Mershon's promises and releases contained in this Agreement, the Company shall make the following payments:

   a. Payment to Mershon in the amount of Eighteen-Thousand-Three-Hundred, Thirty-Three Dollars and Thirty-Three Cents (18,333.33), less all required local, state and federal tax deductions, in settlement and compromise of any and all claims for unpaid wages and overtime.

   b. Payment to Mershon in the amount of Eighteen-Thousand-Three-Hundred, Thirty-Three Dollars and Thirty-Three Cents (18,333.33) in settlement and compromise of Mershon's claim for liquidated damages.

   c. Payment to Troy A. Lanier, P.C. in the amount of Eighteen-Thousand-Three-Hundred, Thirty-Three Dollars and Thirty-Four Cents (18,333.34) for payment of attorneys' fees and costs.

   Mershon agrees that these amounts fully compensate him for all hours that he claims to have worked up through the date of his execution of this Agreement, plus any liquidated damages, attorneys' fees, or other costs or damages to which he may claim to be entitled if he were to prevail on his claims in the District Court Action. All such payments shall be delivered to Mershon's counsel within fifteen (15) days of the court's order approving the settlement and dismissing the District Court Action with prejudice.

3. In consideration of the payments being paid to him under the terms of this Agreement, the receipt and sufficiency of which are hereby acknowledged, Mershon, on behalf of himself and his heirs, estate, representatives, successors, assigns and agents, hereby expressly and unconditionally waives any appeal from a District Court order approving this settlement and dismissing this action with prejudice, and releases and forever discharges the Company and all of its past and present owners, officers, directors, employees, agents, predecessors, successors, affiliates, parents, subsidiaries, and assigns (collectively "Releasees") from any and all claims or causes of action that arose prior to the date of this Agreement, including but not limited to all claims for overtime, back wages, or other compensation arising from hours worked or services provided as an

employee of the Company and any other claim arising out of or in any way connected with Mershon's employment with the Company. This release includes, but is not limited to, claims for infliction of emotional distress, claims for defamation, claims for personal injury of any kind, claims for breach of contract, claims for harassment and claims arising under federal, state or local laws prohibiting employment discrimination and claims growing out of any legal restrictions on the Company's rights to terminate its employees or to take any other employment action, whether statutory, contractual or arising under common law or case law. Without limiting the generality of the foregoing, Mershon specifically acknowledges and agrees that his release includes, but is not limited to, any and all claims under federal and state employment laws including without limitation the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621, et seq., the Civil Rights Act of 1964 ("Title VII"), as amended (including amendments made through the Civil Rights Act of 1991), 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981, as amended, the Americans With Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101, et seq., the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et seq., the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 301, et seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq., the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 et seq., the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq. the Employee Polygraph Protection Act of 1988, 29 U.S.C. § 2001, et seq., and all state and federal workers' compensation laws.

4. Mershon and the Company understand and agree that the payment described in Paragraph 2(a) above is deemed wages to be reported on form W-2 and the payment described in Paragraph 2(b) above is deemed non-wage income to be reported on form 1099. Mershon is solely responsible for the tax liabilities and consequences to him that may result from his receipt of money under this Agreement, and Mershon agrees that Releasees bear no responsibility for such liabilities or consequences, except to the extent of tax withholdings and the employer's share of any such taxes on wages as required by law to be made by the Company from the payments made to Mershon for which Mershon will receive a W-2 form. Further, Mershon agrees that Releasees will not be required to pay any further sums to him, or to any other person or entity on his behalf, if for any reason the tax liabilities and consequences to Mershon are ultimately assessed in a fashion that Mershon does not presently anticipate. Mershon specifically agrees that the

Company has not made any representations, or given any advice, about the tax consequences of this settlement.

5. Mershon acknowledges and agrees that he has voluntarily resigned his employment effective September 13, 2014. Mershon understands that his employment has ended forever and he agrees not to seek reemployment with any Releasee at any point in the future. In exchange for his resignation and covenant not to seek future employment, the Company agrees to pay Mershon the following: (1) severance pay in the amount of Eleven-Thousand-Five-Hundred-Fifty Dollars and Zero Cents ($11,550.00), less applicable withholding and taxes; and (2) accrued vacation in the amount of Six-Hundred-Twenty-Five Dollars and Zero Cents ($625.00), less applicable withholding and taxes. The Company also agrees to make payment to Mershon's attorneys in the amount of Six-Hundred Dollars and Zero Cents ($600.00) for attorney's fees.

6. Mershon expressly understands and agrees that the Releasees in no way admit that they have treated Mershon unlawfully or unfairly in any way, and that they have settled, resolved, and compromised his claims solely to avoid the costs of ongoing litigation. Neither this Agreement nor the implementation thereof should be construed to be, or be admissible in any proceedings as evidence of an admission by any of the Releasees of any violation of or failure to comply with any federal, state or local law, ordinance, agreement, rule, regulation, or order.

7. Mershon expressly understands and agrees that, except as required by law and as necessary to obtain court approval of the dismissal of the District Court Action, the terms of this Agreement shall be kept completely confidential by him and shall not be discussed, disclosed or revealed, directly or indirectly, by him to any person, corporation or entity, other than his spouse, or his legal, religious, or tax advisors, all of whom (prior to disclosure) shall likewise agree to maintain the confidentiality of this Agreement, or to any state or federal tax authorities.

8. Mershon represents that, other than the District Court Action, he has not filed, or permitted to be filed, against the Company or any of the Releasees, any complaints, charges or lawsuits.

9. Mershon expressly warrants and agrees that no promise or inducement has been offered to him except as set forth herein, that this is the complete settlement agreement, and that there is not any written or oral understanding or agreement between Mershon and the Company that is not recited herein. This Agreement may not be altered or modified in any way except in writing signed by Mershon and the Company.

10. Mershon expressly agrees that this Agreement was jointly drafted by all parties and shall be governed by Georgia law and applicable federal laws and that the doctrine of *contra proferentem* (a writing shall be construed against the party that drafted it) shall have no application to this Agreement. If any term, condition, clause or provision of this Agreement shall be determined by a court of competent jurisdiction to be void or invalid at law, or for any other reason, then such term, conidition clause or provision shall be judicially modified so that it is enforced to the maxium extent permitted by law, and this Agreement shall remain in full force and effect in all other respects.

11. MERSHON SWEARS THAT HE HAS READ THIS AGREEMENT, HAS CONSULTED WITH HIS ATTORNEYS ABOUT IT, FULLY UNDERSTANDS ALL OF ITS TERMS, AND ENTERS INTO IT THROUGH THE EXERCISE OF HIS OWN FREE WILL.

IN WITNESS WHEREOF, Mershon, his counsel and the Company, intending to be legally bound thereby, have executed this Agreement as of the dates set forth below.

_____
THOMAS MERSHON
Date: 9/16/2014

Approved by:

_____
Troy Lanier
Attorney for Thomas Mershon

Date: 9-16-14

-5-

-6-

COCA-COLA BOTTLING COMPANY UNITED

By: _____

Date: _____