FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 OCT 24 PM 4:02
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

THOMAS M. MERSHON,           *
                             *
    Plaintiff,               *
                             *
vs.                          *   CV 114-118
                             *
COCA-COLA BOTTLING COMPANY   *
UNITED, INC.,                *
                             *
    Defendant.               *

## O R D E R

Before the Court is the parties' joint motion to approve settlement and stipulation for voluntary dismissal with prejudice. (Doc. no. 13.) For the following reasons, the motion is **GRANTED**.

### I. BACKGROUND

On May 19, 2014, Plaintiff filed a complaint against Defendant alleging violations of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, <u>et. seq.</u> ("FLSA"). Specifically, Plaintiff alleged that, as a direct and proximate result of Defendant's actions, Plaintiff is entitled to recover from Defendant $29,794.44 for 1,893.14 hours of unpaid overtime; an equal amount in liquidated damages; and an appropriate but

unspecified amount for minimum wage compensation. (Compl. ¶¶ 24-26.)

Defendant denied violating the FLSA and asserted that Plaintiff's claims for damages are barred by multiple defenses, including arguments that Plaintiff is exempt from the minimum wage and overtime provisions of the FLSA.

The parties have <u>bona fide</u> disputes about numerous factual and legal issues regarding Plaintiff's exempt status, the amount of hours worked by Plaintiff, the applicable statute of limitations, the proper measure of damages and whether liquidated damages are appropriate.

In an effort to avoid the expenses of litigation and with no admission of liability by Defendant, the parties have negotiated a settlement and memorialized their agreement in the Settlement Agreement and General Release ("Settlement Agreement") attached to their joint motion. In the Settlement Agreement, Defendant agrees to pay Plaintiff $18,333,33, less all required tax deductions, in settlement and compromise for unpaid wages and overtime; an equal amount in settlement and compromise for Plaintiff's claim for liquidated damages; and an equal amount for payment of attorneys' fees and costs.

Plaintiff agrees that these amounts fully compensate him for all hours that he claims to have worked, plus any liquidated damages, attorneys' fees, or other costs or damages

to which he may claim to be entitled. Plaintiff also agrees that he will dismiss with prejudice all of his claims in this Court against Defendant and take all steps necessary to secure the Court's approval of the parties' Settlement Agreement.

## II. DISCUSSION

There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. <u>Nall v. Mal-Motels, Inc.</u>, 723 F.3d 1304, 1306 (11th Cir. 2013)(citing <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982)). The first is under the supervision of the Secretary of Labor. <u>Id.</u>; 29 U.S.C. § 216(c). The second, which is the only other route for compromise of FLSA claims, is provided in the context of suits brought directly by employees against their employer to recover back wages for FLSA violations. <u>Nall v. Mal-Motels, Inc.</u>, 723 F.3d at 1306; 29 U.S.C. § 216(b). In those lawsuits, the parties may present to the district court a proposed settlement and the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. <u>Nall v. Mal-Motels, Inc.</u>, 723 F.3d at 1306.

The instant case falls under the latter of those two settlement methods where an employee brings an action against an employer under 29 U.S.C. § 216(b). In determining the

fairness of settlements under § 216(b), courts recognize that the most cause for concern exists when the plaintiff employee is still working for the defendant employer. Nall v. Mal-Motels, Inc., 723 F.3d at 1307 ("An employee is subject to the supervision and personnel decisions of his employer and the possibility of retaliation may pervade the negotiations."). Here, in exchange for Plaintiff's resignation and covenant not to seek future employment with Defendant, Defendant agrees to pay Plaintiff a severance package totaling approximately $12,000.00. (Settl. Agr. ¶ 5.) This provision tips the scales in favor of fairness because, according to the terms of the Settlement Agreement, Plaintiff was no longer working for Defendant when the agreement was reached. In fact, the effective date of his voluntary resignation is three days prior to the date he signed the settlement.

In determining fairness, courts also consider liquidated damages. Nall v. Mal-Motels, Inc., 723 F.3d at 1307. A plaintiff cannot waive his right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether he is entitled to them. Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 and Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945)). Liquidated damages are an important way of protecting certain groups of the population from substandard wages and excessive hours. Id. The parties

4

here, in their joint motion to approve settlement and stipulation for voluntary dismissal with prejudice, state that there is a bona fide dispute regarding whether liquidated damages are appropriate. Nonetheless, Defendant agrees to pay $18,333.33 in settlement and compromise for Plaintiff's claim for liquidated damages. (Settl. Agr. ¶ 2(b).) These facts also tip the scales in favor of fairness because Defendant is not escaping this significant enforcement mechanism.

Therefore, upon due consideration, the Court finds that the Settlement Agreement is fair.

### III. CONCLUSION

Accordingly, the Court **GRANTS** the parties' joint motion to approve settlement and stipulation for voluntary dismissal with prejudice. (Doc. no. 13.) Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk is directed to terminate all motions and deadlines and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of October, 2014.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia